

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,602

### EX PARTE STANLEY BLACKWELL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 920951 IN THE 147TH DISTRICT COURT
### FROM TRAVIS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault of a child and sentenced to ten years' imprisonment in December 1992.

The Court received this writ application on August 2, 2011. On August 10, 2011, this Court granted relief. The State has filed a motion for rehearing. Based on that motion, it is apparent that the record relied upon by this Court in that opinion was incomplete.

We therefore grant the State's motion for rehearing, withdraw the previous opinion entered in this application, and substitute this opinion.

Applicant contends that this sentence should have discharged. He alleges that the State negligently failed to issue a capias when the mandate in his appeal issued and as a result, he has been out of custody for over sixteen years. Applicant was on bond pending the outcome of his appeal. The mandate for his appeal was issued April 26, 1995, but capias was not issued until October 1995. Applicant attempted to turn himself into the Travis County Sheriff's office in May 1995, but was advised that he could not be taken into custody until a capias was issued. In July 1995, Applicant was also ready to turn himself in, but his counsel informed him that capias had still not issued. During the time of his release, Applicant was serving a deferred adjudication community supervision sentence in an unrelated case. He was complying with the conditions of that supervision, including reporting to his supervising officer. He successfully completed the supervision for that other sentence in 2002.

Applicant filed a prior 11.07 application in this cause in 2002, alleging both ineffective assistance of counsel grounds and the grounds that he currently raises in this application. He was not in custody at that time. That application was denied without written order by this Court in 2002. Applicant has a new factual basis for this application because he was arrested for this cause on March 12, 2011 and is now in custody for this cause.

This Court recently granted relief to an applicant who had been erroneously allowed to stay out on appeal bond through no fault of his own. *Ex parte Thiles*, 333 S.W.3d 148 (Tex. Crim. App. 2011). We held that Thiles was entitled to relief because he did not know the mandate had issued in his case and that he therefore did not violate any conditions of his appellate bond. Applicant also

did not violate any conditions of his bond and in fact tried to turn himself in, but was turned away. Applicant was improperly out of custody on bond through no fault of his own. He was not attempting to conceal himself, and for the fifteen years between the issuance of the capias in 1995 and the service of that capias in 2011, the State made no efforts to secure Applicant so that he might begin to serve his sentence.

Relief is granted. Applicant is to receive time credit in this cause from the time the mandate issued in his appeal to the present. With the granting of this time credit, he has served this sentence in full and shall be immediately discharged from custody.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

DO NOT PUBLISH
DELIVERED: September 14, 2011